SOUTTER & *al. versus* ATWOOD & *al.*

Of land held by tenants in common, a conveyance, by one of them, of a part *by metes and bounds* is inoperative, as against the others.

Thus, two persons owned a tract of land as tenants in common. One of them conveyed his undivided half to M, taking back a mortgage of it, to secure the purchase money. The other conveyed his undivided half to G.

These grantees, M, and G, divided the land, to M the North half, and to G the South half; and they made division deeds accordingly. G then conveyed the South half by metes and bounds. That half, under that conveyance, became vested in the plaintiff, who afterwards took from G a deed of the undivided half of the whole tract.

The defendants hold under the mortgage, which was given by M, and which was foreclosed. Their title is, therefore, to an *undivided* half of the tract. They have, however, by their lessees, occupied both halves, and received the rents therefor ; —

*Held,* that the title of G, by his division deed, became limited to the *South half;* and that his subsequent conveyance to the plaintiffs, of the *undivided half* was inoperative ; —

*Held,* that, as the title of the plaintiff extended only to the *South half,* he could maintain no process for partition of the whole tract ; —

*Held,* further, that in a suit at equity, the defendants could not be coerced to convey to the plaintiff any portion of their interest in the tract; nor to apply for a partition of it ; nor to account to the plaintiff for any portion of the rents.

BILL IN EQUITY, alleging in substance, the following facts. Two persons owned a tract of land as tenants in common. One of them conveyed his undivided half to McLaughlin, taking back a mortgage of it to secure the purchase money. The other deeded his undivided half, and it became, through mesne conveyances, the property of Goodhue. McLaughlin and Goodhue divided the land ; McLaughlin deeding the South half by metes and bounds to Goodhue, and Goodhue deeding the North half by metes and bounds to McLaughlin. Goodhue then, by metes and bounds, conveyed that (South) half by a deed, under which the plaintiffs hold ; and he also deeded to them, afterwards, an undivided half of the whole tract.

The mortgagee entered to foreclose the mortgage, given by

McLaughlin, and then assigned the mortgage to one Porter, by whom it was fully foreclosed.

Upon a petition for partition by these plaintiffs against Porter, 27 Maine, 405, it was held that Goodhue's title was limited, by the division deeds, to the South half *in severalty*, and that, therefore, his subsequent deed to the plaintiffs of an *undivided* half was inoperative; and that, as the plaintiffs had failed to show any *undivided* interest in the land, their petition must be dismissed.

Pending that process, Porter's right, through intervening deeds, was duly conveyed to these defendants, whereby they became the owners of an *undivided* half of the tract.

The defendants then entered into possession both of the North and of the South halves, and received rent therefor from their lessees.

The prayer of the Bill is, the defendants may be compelled to convey to the plaintiffs the *undivided* half of the tract, or *such portion* of it as the plaintiffs are entitled to ; —

Or that the defendants may be compelled to commence and prosecute a petition for partition of the tract, the plaintiffs offering to pay the necessary expenses of such process ; —

And also that the defendants may be compelled to account for the proportion of the rents and profits, received by them, to which the plaintiffs are entitled.

The defendants demurred generally to the Bill.

*Hobbs* and *Fessenden,* for the plaintiffs.

The demurrer confesses the facts charged in the bill.

The defendants, then, claiming title to no more than one undivided half of the premises, occupy and take the rents and profits of the whole, and refuse to account to the complainants for any portion of the rents, or to make partition of the premises.

The plaintiffs are the proprietors of all the premises, not the property of the defendants. No other person than the plaintiffs and defendants have any title.

Goodhue, McLaughlin, and all claiming under them, except

these parties, are each estopped to claim any portion. The title must be in some one.

The defendants claim title to one undivided half only. The complainants are then the proprietors of the remainder.

The defendants wrongfully withhold the complainants' right. The Court has decided, in *Soutter & al.* v. *Porter,* that the complainants cannot maintain a petition for partition, but that, if the defendants will petition for partition, the complainants can then have their right assigned to them. The refusal of the defendants to do this, or to make partition by deed, is a wrong. It is a fraudulent holding on their part. It is against equity and good conscience, that they should thus appropriate to themselves the property of the complainants.

The complainants have no remedy unless the Court grant it here. They cannot maintain a writ of entry. They cannot force the defendants to make partition. Will the Court declare there is no remedy?

It is a maxim of law that there is no wrong without a remedy. Have not the complainants been wronged? Where is the remedy?

The Court may well consider the wrongful holding by the defendants of the complainants' property a fraud, although not a technical fraud.

*Rowe & Bartlett,* for the defendants.

There is not, and never has been, between these parties, any privity in contract or estate. There has been no occasion for a fraud, trust, accident or mistake to arise.

The relief prayed for is beyond the powers of any Court.

The defendants are seized as tenants in common of half of a tract of land, and are in possession of the whole.

Plaintiffs claim half of the land in severalty by a defective title, and pray that the defendants may be compelled; —

1. To convey to them without consideration an undivided half, (which is all the interest which the defendants have,) or —

2. To convey a portion in severalty, (which they have no power to do;) or —

3. To commence and prosecute to judgment, a suit for par-

tition, with those who are not co-tenants ; a suit unauthorized by law ; a judgment which no court has power to render; and that, too, when the defendants prefer, and by law are entitled, to continue to hold the estate in common with their cotenants ; —

4. And to account for rents and profits with those who have never had possession of, or title to, any part of the estate in common ; or any right to occupy any part of the land against these defendants. The Bill, therefore, presents no case within the jurisdiction of the Court.

The opinion of the Court, SHEPLEY, C. J., WELLS, RICE, HATHAWAY and APPLETON, J. J., was drawn up by

RICE, J. — This is a bill in equity to which there has been a demurrer and joinder.

The plaintiffs claim to be equitably entitled to recover possession of, and to hold one half part of certain real estate described in their bill, situated in the city of Bangor.

'The subject matter referred to in the bill was before this Court in 1847, on a petition for partition. *Soutter & al* v. *Porter*, 27 Maine, 405. Since that time the interest of Porter has passed by sundry conveyances to the defendants.

It is alleged in the bill, and admitted by the demurrer, that the defendants are the legal owners of one undivided half of the entire estate, deriving their title through sundry mesne conveyances, from one Micajah Drinkwater, and that the title of the plaintiffs is as set forth in the bill, being a claim to represent the interest formerly owned by Stephen Goodhue. The defendants are in possession of the whole estate.

A careful examination of the title was had in the case of *Soutter* v. *Porter*, and the Court then decided, that the petitioners have "failed to establish any title as tenants in common to an undivided share of the premises."

The plaintiffs now pray for relief; and that this Court will, by decree, compel the defendants to convey to them one undivided half of the premises, or such portion thereof, as they are entitled to possess in severalty, or that the defend-

ants may be, in like manner, compelled to enter their petition for partition of the premises, according to the provisions of the statute, and procure partition to be made with the plaintiffs, and also to account for rents, &c.

The defendants claim title to one half of the estate only, and the plaintiffs admit their title to be valid to that extent, and deny their right to any greater interest.   Such being the extent of thedefendants' interest in the estate, it is difficult to perceive how, on any equitable principle, they could be compelled, against their will, and without consideration, to convey that interest, or any portion thereof, to the plaintiffs, even if this Court had power to make and enforce such a decree.   And it is equally difficult to understand on what principles they should be compelled to convey property to which they claim no title.

The defendants may, if they elect, obtain partition of property which they hold in common with others.   The plaintiffs ask that they shall be compelled to do so against their will. The question for consideration is, whether such compulsory power is possessed by the Court.

This Court does not possess general equity powers, but is authorized to act as a Court of equity, in certain cases and classes of cases, pointed out in the statute, but this case in not among them.

It was intimated, at the argument, that this case might fall under the clause of the statute authorizing the Court to act in cases of fraud, though it was not very distinctly pointed out, wherein the defendants had acted fraudulently.   The facts seem to be, simply, that the defendants being the undisputed owners of one undivided half of the estate and in,the actual possession of the whole, decline to yield that possession until some party, having the right, shall in a legal manner dispossess them.   The plaintiffs have attempted to obtain title to a portion of the common property.   With that attempt, the defendants have in no way interfered.   Thus far the plaintiffs have failed to secure such a title as will enable them to dispossess the defendants.   This would rather seem to be

their misfortune, than the defendants' fault.    We are unable to perceive any act of the defendants which so savors of fraud, as to authorize the Court to interfere on that ground.

The defendants can only be required to account for rents to the party, who has the legal title to that portion of the estate not owned by them.

The bill is therefore dismissed with costs for defendants.